UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL PAUL MORRIS, CDCR #F-65115,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>M. BLADE, C/O LEON, J. RUIZ, CENTINELA STATE PRISON,<br><br>　　　　　　　　　　　Defendants. | Case No.  3:21-cv-00235-LL-KSC<br><br>**ORDER:**<br><br>**1) DISMISSING CLAIMS AGAINST DEFENDANTS LEON, RUIZ, AND CENTINELA STATE PRISON WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT AND SUMMONS UPON DEFENDANT M. BLADE PURSUANT TO 28 U.S.C. § 1915(d) & Fed. R. Civ. P. 4(c)(3)** |

**I.   Introduction**

On February 5, 2021, Samuel Paul Morris ("Plaintiff" or "Morris"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 together with a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1–2. Morris subsequently filed a

Prisoner Trust Account Statement on February 9, 2021. ECF No. 3

On June 22, 2021, the Court granted Morris's IFP motion, concluded he had stated an Eighth Amendment claim as to Defendant Blade, but found he had failed to state a § 1983 claim with respect to Defendants Leon, Ruiz, and Centinela State Prison. ECF No. 7. The Court granted Morris sixty (60) days from the date of the dismissal Order in which to either notify the Court of his intention to proceed with the Eighth Amendment claims against Blade only, or file an Amended Complaint which cured all the deficiencies the dismissal Order noted. *Id.* Morris was also advised that "[d]efendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *Id.*; *see* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## II. Defendants Leon, Ruiz, and Centinela State Prison

The time for Morris to respond to the Court's Order has passed and the Court has received no communication from him. Accordingly, all claims against Defendants C/O Leon, J. Ruiz, and Centinela State Prison are **DISMISSED** without leave to amend, and the Clerk of Court is **DIRECTED** to terminate this action with respect to those defendants based on Morris's failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Because the Court has concluded that Morris has stated an Eighth Amendment claim against Defendant M. Blade, however, it will order service of Morris's Complaint and summons upon Defendant Blade pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).

## III. Conclusion and Order

For the reasons explained, the Court:

1) **DISMISSES** Morris's claims against Defendants C/O Leon, J. Ruiz, and Centinela State Prison without leave to amend for failing to state a claim pursuant to 28

U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b), and **DIRECTS** the Clerk of Court to terminate this action respect to these Defendants;

  2) **DIRECTS** the Clerk to issue a summons as to Morris's Complaint (ECF No. 1) upon Defendant M. Blade and forward it to Morris along with a blank U.S. Marshal Form 285. In addition, the Clerk will provide Morris with a certified copy of this Order, a certified copy of his Complaint, and the summons so that he may serve M. Blade. Upon receipt of this "IFP Package," Morris must complete the USM Form 285 as completely and accurately as possible, include an address where M. Blade may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return it to the U.S. Marshal according to the instructions the Clerk provides.

  4) **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendant M. Blade upon receipt and as directed by Morris on the completed USM Form 285, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

  5) **ORDERS** M. Blade, once served, to reply to Morris's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

  6) **ORDERS** Morris, after service has been effected by the U.S. Marshal, to serve upon M. Blade, or if appearance has been entered by counsel, upon M. Blade's counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Morris must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the

1  manner in which a true and correct copy of that document was served on M. Blade or his
2  or her counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document
3  received by the Court which has not been properly filed with the Clerk or which fails to
4  include a Certificate of service upon M. Blade or his or her counsel, may be disregarded.

**IT IS SO ORDERED**.

Dated:  January 5, 2022

_____
Honorable Linda Lopez
United States District Judge